IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID FLEISHER, MICHAEL CLIME, GARY IPPOLITO, ROBERT L. LIVINGSTON, DAVID TAILLON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIBER COMPOSITES, LLC,<br><br>Defendant. | CIVIL NO. 2:12-CV-01326-JP |



**ORDER GRANTING PRELIMINARY APPROVAL OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS, AUTHORIZATION TO DISSEMINATE CLASS NOTICE, AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

WHEREAS, this Court has before it Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, Provisional Certification of Settlement Class, Authorization to Disseminate Class Notice, and Appointment of Class Representatives and Class Counsel ("Motion"), as well as the supporting Declaration of Charles J. Kocher ("Kocher Declaration") in support thereof.

WHEREAS, Plaintiffs David Fleisher, Michael Clime, Gary Ippolito, Robert L. Livingston, and David Taillon, individually and on behalf of all others similarly situated, have entered into Settlement Agreement with Defendant Fiber Composites, LLC ("Fiberon") to resolve their claims and to avoid the expense and uncertainties associated with continued litigation.

WHEREAS, the Court has reviewed and considered the Motion, the supporting brief, the Kocher Declaration, and all exhibits thereto including the Settlement Agreement and the

proposed class notices (the "Notice"), and finds there is a sufficient basis for granting preliminary approval of the Settlement Agreement, and authorizing Notice to be disseminated to the Settlement Class.

**IT IS ON THIS** \_\_4\_\_ day of September, 2013 **ORDERED** that Plaintiffs' Motion is **GRANTED**. It is further **ORDERED** as follows:

1.  The Court preliminarily approves the proposed settlement, finding that the terms of the Settlement Agreement are reasonable, just, fair, and adequate to warrant the dissemination of the Notice of the proposed settlement to the Settlement Class. The Court finds that the Settlement Agreement contains no obvious deficiencies; is within the range of possible approval; and that the parties entered into the Settlement Agreement in good faith, following a series of arm's length negotiations.

2.  Finding that all of the necessary prerequisites for certifying a settlement class under Federal Rule of Civil Procedure 23 are satisfied, as set forth in Plaintiffs' Motion, this case is preliminarily certified as a class action for settlement purposes pursuant to Rule 23. In this regard, the Court directs that the Settlement Class shall include: all owners of residences, commercial buildings, or other structures (other than commercial buildings and other structures in "marine environments") in the United States with a deck constructed of composite decking, railing, or fencing material sold under the brand or trademarks Veranda™ Composites Decking, Veranda™ Traditions Composite Decking, Veranda™ TD Composite Decking, Fiberon™ M Pro Series Composite Decking, Fiberon™ Tropics, Fiberon™ Classic Composite Decking and Portico™ Composite Decking, purchased and installed after March 14, 2008. For purposes hereof, marine environments means all commercial properties and other structures where any part of the property or structure is within 500 feet of water (*e.g.* oceans, seas, bays, inlets, rivers,

streams, lakes, other bodies of water), and thus such properties are excluded.

3. The Settlement Class further excludes the following individuals and entities: (i) those who properly and effectually exclude themselves from the settlement; (ii) those who have previously resolved their claims through a settlement or final judgment; (iii) Fiberon and its employees and other affiliates; and (iv) the judge(s) to whom this Action is assigned or whom is presiding over the approval of this Settlement.

4. Included within the Settlement Class are the legal representatives, heirs, successors in interest, transferees, and assignees of all such foregoing holders and/or owners, immediate and remote.

5. The Court appoints Simon B. Paris, Esq. and Charles J. Kocher, Esq. of the law firm of Saltz, Mongeluzzi, Barrett & Bendesky, P.C. as Class Counsel under Rule 23(g) and David Fleisher, Michael Clime, Gary Ippolito, Robert L. Livingston, and David Taillon as Class Representatives.

6. The Court hereby approves the form and procedures for disseminating Notice of the proposed settlement to the Settlement Class as set forth in the Settlement Agreement. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law.

7. Fiberon is hereby appointed as the Settlement Administrator and shall be responsible for administering the settlement and disseminating Notice in accordance with the terms of the Settlement Agreement. Fiberon is authorized to retain a claims administrator to assist it in these matters subject to the consent of Class Counsel. The Court reserves the right to amend the Notice approved by this Order as may be required to be consistent with the Settlement

Agreement and any subsequent orders that the Court may enter in connection with the settlement in this matter.

8. The Claims Adjudicator provided for in the Settlement Agreement shall be chosen and appointed by the Parties as set forth in the Settlement Agreement, or by further order of this Court.

9. Any Settlement Class Member shall have the right to opt out of the Settlement Class and the settlement by filing a written request for exclusion with the Clerk of this Court and serving copies thereof on Class Counsel and Fiberon's Counsel, on or before the end of the Opt-Out Period, as defined in the Settlement Agreement, or as the Court may otherwise direct. The Opt-Out request must include the Settlement Class member's name, address, and telephone number, and expressly state the desire to be excluded from the Class. Such request must be sent by first-class mail to the Clerk of this Court, Class Counsel and Fiberon's Counsel and postmarked by the U.S. Postal Service on or before the end of the Opt-Out Period. Any Settlement Class Member who does not timely file and serve a written request for exclusion shall be bound by all proceedings, orders and judgments in this action even if he, she or it has pending or subsequently initiates litigation against Fiberon and/or others relating to the transactions or Claims that are the subject of this Action. Any Settlement Class member who elects to opt-out of the Settlement Class shall not be entitled to any benefits under the Settlement Agreement.

10. Any Settlement Class Member who objects to final approval of the Settlement Agreement and/or the amount of attorneys' fees must file with the Clerk of this Court, and serve copies thereof on Class Counsel and Fiberon's Counsel, no later than 45 days from the date any of the Notices is first published, posted, or mailed, or as the Court may otherwise direct, a statement of each objection and the specific reason(s) for each objection, including any legal

support the Class Member may wish to bring to the Court's attention and a list of witnesses, exhibits or other evidence the Class Member may wish to introduce in support of the objection(s), and containing the objector's(s') signature, verifying under penalty of perjury, that he, she or it is a member of the Settlement Class, and stating the address of the relevant property. Any Class Member who timely files and serves a written objection, as described above, may appear at the Fairness Hearing either in person or through personal counsel retained at the Class Member's expense, to assert the objections.

11. The Court shall hold a Fairness Hearing addressing the final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives, in Courtroom 3G at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. At the Fairness Hearing, the Court will consider: (i) whether the settlement should be finally approved as fair, reasonable, and adequate for the Settlement Class; (ii) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice as to Fiberon should be entered; and (iii) whether Class Counsel's application for attorneys' fees and expenses and for service awards for each of the Class Representatives should be granted.

12. Any Settlement Class Member wishing to speak at the Fairness Hearing must file a notice of appearance with the Clerk of Court and serve a copy of such notice on Plaintiffs' Counsel and Fiberon's Counsel no later than fourteen (14) days before the Fairness Hearing or as the Court may otherwise direct.

13. The following schedule shall govern the class action settlement proceedings:

(i) After entry of this Order, Fiberon, at its sole expense, shall cause the Notice of Proposed Class Action Settlement, in substantially the form and content as submitted

5

to the Court as part of Plaintiffs' Motion, to be provided to members of the Settlement Class, as provided herein. Such Notice shall consist of the following: (i) one-time publication notice ("Published Notice") in the electronic or printed version of *USA Today*, National Edition, black and white, 1/6 page insertion, and either *Professional Deck Builder* magazine (or an agreed-upon comparable alternative), black and white, half page, or *Deck World* magazine (or an agreed-upon comparable alternative), black and white, half page, each such Published Notice to be provided within fourteen (14) days of the entry of this Order, or, if later, the next available publication; (ii) direct mail notice ("Mailed Notice") by U.S. Postal Service or electronic mail to all Class Members whose physical or electronic-mail address is currently known to Fiberon or whom Fiberon is reasonably able to identify from its records, including product registration records, warranty records or consumer contacts, or from records heretofore provided by Plaintiffs' Counsel, such "Mailed Notice" to be made within fourteen (14) days after entry of this Order; and (iii) web notice ("Web Notice") via the website www.fiberonsettlement.com, established and maintained at Fiberon's expense, within ten (10) days after the entry of this Order. At least ten (10) days before the date of the Fairness Hearing, Fiberon shall file with the Court and serve upon Class Counsel an affidavit that Mailed Notice, Published Notice and Web Notice has been provided.

        (ii)    Any Settlement Class Member's letter objecting to the proposed settlement, requesting exclusion from the proposed settlement, or stating they wish to appear at the Fairness Hearing, must be mailed within the Opt-Out Period, as defined in the Settlement Agreement. The date of mailing shall be conclusively determined by the U.S. Postal Service postmark.

        (iii)    Motions for final approval of the proposed settlement shall be filed no

later than 14 days prior to the date set by the Court for the Fairness Hearing on the settlement.

(iv) Motions for the approval of attorneys' fees and expenses and service awards shall be filed no later than ten (10) days prior to the conclusion of the Opt-Out / Objection Period, as defined in the Settlement Agreement.

(v) The Fairness Hearing shall be held on the 27th day of November, 2013, at 9:30 a.m. at Courtroom 3G, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106.

14. Non-substantive changes and changes necessary to correct any inconsistency between the approved forms and the Settlement Agreement may be made by the mutual agreement of Class Counsel and counsel for Fiberon.

15. All costs incurred in connection with disseminating and publishing the Notice, as well as administering the settlement, shall be borne by Fiberon as provided by the terms of the Settlement Agreement.

16. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed settlement. The Court may approve the settlement, with such modification as may be agreed to by the Parties, if appropriate, without further notice.

Dated: September __ 2013

_____
Hon. Timothy R. Rice