IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID FLEISHER, MICHAEL CLIME, GARY IPPOLITO, ROBERT L. LIVINGSTON, DAVID TAILLON, on behalf of themselves and all others similarly situated<br><br>v.<br><br>FIBER COMPOSITES, LLC | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO. 12-1326 |

## ORDER

**AND NOW**, this 5th day of March, 2014, upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (ECF No. 67), Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses and Service Awards for Class Representatives (ECF No. 62), and all filings in connection therewith, and following a hearing held on November 27, 2013, **IT IS HEREBY ORDERED** as follows:

1. The Court, for purposes of this Final Order and Judgment, adopts the terms and definitions set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and Fiberon LCC (formerly known as Fiber Composites LLC) ("Fiberon").

3. The Court finds that the Notice to the Settlement Class of the pendency of the Action and of this settlement, as provided by the Settlement Agreement and by an Order of this Court (ECF No. 55), constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process.

4. The Court approves the Settlement as set forth in the Settlement Agreement and

finds that the Settlement is in all respects fair, reasonable, adequate and just to the Settlement Class Members.

5. The Court has received, reviewed and considered one filed objection to this settlement (*see* ECF No. 63) and the arguments of Class Counsel, including the arguments of counsel for the parties during oral argument on November 27, 2013. For the reasons stated on the record during the November 27, 2013, hearing, and those contained in the written submissions on behalf of the Settlement Class, the Court hereby overrules the objection (ECF No. 63) on all grounds. The Court has also considered and rejected two comments (Bils and Bohrer) attached to Plaintiffs' Motion for Final Approval in finding that the Settlement is in all respects fair, reasonable, adequate and just to the Settlement Class Members. To the extent the comments were intended to be objections, they are stricken as procedurally defective and overruled on their substance.

6. Pursuant to Rule 23(c), the Settlement Class as finally certified is defined as follows: All owners of residences, commercial buildings, or other structures (other than commercial buildings and other structures in "marine environments") in the United States with a deck constructed of composite decking, railing, or fencing material sold under the brand or trademarks, Veranda® Composites Decking, Veranda® Traditions Composite Decking, Veranda® TD Composite Decking, Fiberon® Professional/M Pro Series Composite Decking, Fiberon® Tropics, Fiberon® Classic™ Composite Decking or Portico® Composite Decking, purchased and installed after March 14, 2008. For purposes hereof, marine environments means all commercial properties and other structures where any part of the property or structure is within 500 feet of water (*e.g.* oceans, seas, bays, inlets, rivers, streams, lakes, other bodies of water), and thus such properties are excluded.

7. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court hereby reserves jurisdiction over the subject matter and as to each party to the Settlement Agreement with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Final Order and Judgment.

8. The Court adjudges that the payment of attorneys' fees and expenses in the total amount of $385,000 to Class Counsel and the payment of a service award to the Class Representatives in the amount of $2,500 to each is fair, reasonable and adequate, and that said attorneys' fees and expenses shall be paid to Class Counsel and said service awards shall be paid to Plaintiffs David Fleisher, Michael Clime, Gary Ippolito, Robert L. Livingston, and David Taillon pursuant to the terms of the Settlement Agreement. Class Counsel shall distribute the service awards above to each of the Class Representatives. Class Counsel shall also distribute the attorneys' fees and expenses between or among Plaintiffs' and Class Counsel as Class Counsel shall determine in their sole discretion.

9. As of the Effective Date, the Class Representatives and all Settlement Class Members are forever barred from bringing or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Released Claims against any Released Party or Released Parties and are conclusively deemed to have released and forever discharged the Released Party or Released Parties from all Released Claims.

10. The Class Representatives and all Settlement Class Members are, as of the Effective Date, conclusively deemed to have acknowledged that the Released Claims may

include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Class Representatives and all Settlement Class Members nonetheless release all such Released Claims against the Released Persons.

11. The benefits and payments described in Paragraphs 7 and 8 are the only consideration, fees, and expenses Fiberon or the Released Persons are obligated to give to the Class Representatives, Settlement Class Members, and Class Counsel in connection with the Agreement and the payment of attorneys' fees and expenses.

12. The Action and all claims asserted in the Action are settled and dismissed on the merits and with prejudice as to the Class Representatives and all Settlement Class Members. Notwithstanding the foregoing, this Final Order and Judgment does not dismiss any claims that have been or may be asserted in the future by the following persons who have validly and timely requested exclusion from the Settlement Class as provided for in the Settlement Agreement: Christopher Mark Robson (ECF No. 57); Timothy A. Keefer and Vicki L. Keefer (ECF No. 58); George Pyne and Janet L. Pyne (ECF No. 59); Susan C. Kellogg (ECF No. 60); Connie Gray (ECF No. 61); Scott Lewis (ECF No. 65); Michael Ross and Sandra E. Ross (ECF No. 66); Nancy J. McCay (ECF No. 70); and Mark Bendo and Christi Bendo (ECF No. 67-7). Notwithstanding the dismissal of the Action, Fiberon shall not claim and may not be awarded any costs, attorneys' fees, or expenses.

13. Without affecting the finality of this Final Order and Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Class Members, and Fiberon for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Court's Order dated September 4, 2013 (ECF No. 55), and this Final Order and

Judgment.

14. The Settlement Agreement and this Final Order and Judgment are not admissions of liability or fault by Fiberon or the Released Party or Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Fiberon or the Released Party or Released Parties. The Settlement Agreement and Settlement are not a concession by the parties and to the extent permitted by law, neither this Final Order and Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Fiberon, the Released Party or Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Final Order and Judgment shall be interpreted to prohibit the use of this Final Order and Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Order and Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

15. All other relief not expressly granted to the Settlement Class Members is denied.

BY THE COURT:

_____
John R. Padova, J.